IN DISTRICT COURT FOR THE UNITED STATES
FOR THE MIDDLE DISTRICT OF FLORIDA

Keith Lashawn White
        Plaintiff

vs.

ANN COFFIN
        DEFENDANT

Case No. 8:25-cv-2369-KKM-NHA

**42 U.S.C § 1983 COMPLAINT FOR DEPRIVATION OF RIGHTS UNDER COLOR OF LAW**

COMES NOW, Keith Lashawn White a living man, born on the land known as Florida, in *propria persona* who files this 42 U.S.C § 1983 complaint and asserts my claims for relief against Ann Coffin, who through the organizational unit operating in this State, encroached upon my rights to life, liberty, and pursuit of happiness, and subjected Plaintiff under color of state law, and this conduct deprived Plaintiff of my rights, and immunities guaranteed under the U.S. Constitution and federal law.

I.     Parties
A.    Plaintiff:

Keith Lashawn White P.O. Box 8945 Lakeland, Florida 33806.

B.    Defendant:

Ann Coffin ("Coffin") sued in her personal capacity as director of the federal/state partnership operating in this State. Her principal place of business is listed as 5050 W Tennessee St, Tallahassee, Florida, 32399, United States, however she receives correspondence at P.O. Box 8030, Tallahassee FL 32399-3150

II.    **This Court Has Subject Matter Jurisdiction**

Case law interpretation provides that federal district Courts have jurisdiction over § 1983 claims because a claim brought under this statute constitutes a "federal question," meaning it arises under the First Amendment of Constitution and federal laws, granting Federal Courts the authority to hear such cases; this jurisdiction is primarily based on 28 U.S.C. § 1343(3). Accordingly, the Court must determine whether the facts alleged in this complaint "taken at face value" support subject matter jurisdiction. *Gordo-Gonzalez v. United States*, 873 F.3d 32.35 (1st Cir. 2017).

### III. Request for Relief

Plaintiffs' request for relief under § 1983 is articulates as (1) Coffin subject me under color of state law; and (2) her conduct by unsolicited assistance deprived Plaintiff of my rights to life, liberty and my pursuit of happiness, and my inalienable rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). see also *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); *Ortez v. Washington County*, Or., 88 F.3d 804, 810 (9th Cir. 1996).

### IV. Statement of the Case

On or about August 17, 2025, Coffin was served by due process of law with a lawful notice (Exhibit A), demanding termination of unsolicited assistance from the federal/state partnership. This demand was based on the fact that I never applied for nor paid the $35 application fee for assistance, and that this unsolicited assistance was encroaching on my rights to life, liberty and the pursuit of happiness and violating my First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments rights guaranteed.

The unsolicited assistance interfered with my ability to independently pursue my personal and familial welfare. The unreasonable seizure of my notes constituted an encroachment on my rights to life and liberty. This conduct hindered my capacity to obtain essential resources, maintain employment, meet financial obligations, and pursue both professional and personal aspirations for a more fulfilling life. Coffin unsolicited assistance infringed upon my right to privacy because she authorized the submission of my personal information to credit reporting agencies, which prevented Plaintiff's ability to obtain credit. As a result, this conduct deprived the Plaintiff's opportunity to pursue lawful business or vocational activities in a manner consistent with equal rights, depriving me of prosperity and overall well-being.

The administrative termination was mandatory because it protected my rights more efficiently, without court filings or judicial signatures. Coffin had authority under 45 C.F.R. § 303.11(a)(12) to end the unsolicited assistance but she

chose not to due to federal funding incentives. As the 45 C.F.R. § 302.12(a)(3) policymaker she disregarded the institution of government that is for the protection, security, and benefit of the Article I people, not to operate a business that profits from unsolicited assistance.

V.     **Coffin Subjected Plaintiff Under the Color of State Law.**

Coffin acted under Color of Law: The appearance or semblance, without the substance, of legal right. *State v. Brechler*, 185 Wis. 599, 202 N.W. 144, 148. She directed the unsolicited services under the plan in conformity with the specific requirements of 42 U.S.C. § 651, not the Constitution. Title 42 of the U.S. Code is a non-positive law title, (presumed law) that has never been enacted into positive law. This is contradistinguished to positive law titles which constitute legal evidence of the law in all federal and state courts *Id.* 1 U.S.C. § 204. The Office of the Law Revision Counsel for the United States Code, POSITIVE LAW CODIFICATION (house.gov). See *Holmby Productions, Inc. v. Vaughn*, 282 P. 2d 412 – *Kan: Supreme Court* (1955).

VI.    **Coffin Conduct Deprived Plaintiff of Rights, Privileges, and Immunities Guaranteed Under the U.S. Constitution and Federal Law**

These truths are held to be self-evident, that Plaintiff Keith Lashawn White was created equally, and I am endowed by my Creator with the unalienable rights to life, liberty, and the pursuit of happiness. That in order to secure these rights, governments are instituted among Men, deriving their just powers from the consent of the governed. "So far as the record informs, Plaintiff never submitted a § 654(6)(B) written application (nor paid the requisite 45 C.F.R. § 302.33(c)(1)(i) $35 application fee) with the IV-D agency requesting services. *Monzon v. Martinez*, 833 F. Supp. 479, 485 (E.D. Pa. 1993).

Coffin through unit personnel and contractual agents claims to be assisting me to enhance the social, emotional, and financial bonds between me and my human offspring but admits that it was without my request or consent. Under the "officious intermeddler" doctrine she can't demand payment for this unsolicited

assistance. This concept is related to unjust enrichment, which prevents Coffin and unit agents from being unjustly enriched by unsolicited actions. As such Plaintiff alleges that with malicious intent and indifference to my rights that:

   (1) Coffin's conduct by unsolicited assistance deprived Plaintiff of my inalienable First Amendment my right not to associate with and not to participate in the federal/state partnership which hindered me from acquiring life sustaining essentials to live and survive, and to maintain a job, to pursue my own goals, my aspirations, and for me to strive for more fulfilling and happier life, and

   (2) Coffin's conduct by unsolicited assistance deprived Plaintiff of my inalienable Fourth Amendment right to be secure against unreasonable searches and seizures by requiring the use of the social security number I hold to unreasonably search for my employment and other financial assets without probable cause or a warrant, in order to unreasonably seize my honestly acquired notes, and;

   (3) Coffin's conduct by unsolicited assistance deprived Plaintiff Keith Lashawn of my Fifth Amendment inalienable right to due process, because she failed to train and supervise unit agents/personnel to provide me with notice of the 42 U.S.C. § 651 purpose of my participation, and deprived Plaintiff of my right against self-incrimination through compliance to unlawfully identify me by a social security card, name, and number to which there is no privilege against self-incrimination, and;

   **(4)** Coffin's conduct by unsolicited assistance deprived Plaintiff of my inalienable Seventh Amendment right to a trial by jury on the factual basis that § 651 appropriations purpose provides for the enforcement of an obligation owed, a 42 U.S.C. § 666(a)(3)(C) non-custodial parent is not entitled to a trial by jury, *Id.* § 666(a)(5)(I) and;

   (5) Coffin's conduct by unsolicited assistance deprived Plaintiff of my inalienable Thirteenth Amendment right against slavery by referring to me as 42 U.S.C. § 666(a)(3)(C) non-custodial parent identified as the 20 C.F.R. § 422.103(d) property of the SSA; in order to subject me to involuntary servitude by coercing Plaintiff by threat of jail or license suspension to obtain and retain employment and increase earnings to enhance the bottom line of the partnership and;

   **(6)** Coffin's conduct by unsolicited assistance deprived Plaintiff of my inalienable Fourteenth Amendment right to equal protection of the laws because the unit afforded 42 U.S.C. § 654(6)(A) applicants/customers the 45 C.F.R. 303.11(a)(12) opportunity to terminate § 651 services at will but denied Plaintiff the same.

### Prayer for Relief

WHEREFORE, on the factual basis of the aforementioned reasons, this Honorable Court should hold true that Coffin through the unit, contractual agents

and personnel' by conduct of unsolicited assistance encroached upon Plaintiff's rights to life, liberty and pursuit of happiness and under 42 U.S.C. § 1983 is liable to Plaintiff for subjecting me under color of state law, and by conduct thereof deprived me of my First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendment rights and immunities guaranteed under the U.S. Constitution and Federal law and:

(1).   On the basis that I never applied nor paid the fee for any assistance from the federal/state partnership, award Plaintiff Keith Lashawn termination of the unsolicited assistance from the federal/state partnership, with zero-dollar amount of arrears; removal from my credit history, and a full refund of $60,000.00 at 6% interest for notes exacted from me during this unsolicited assistance and;

(2).   Award Plaintiff Keith Lashawn $1,500,000.00 compensatory, punitive, and other damages against Ann Coffin in her personal capacity for overseeing the unsolicited assistance and for turning a blind eye to the encroachments upon my rights to life, liberty and my pursuit of happiness; For the deprivation of my rights outlined on page 4 (1-6); For the significant financial losses, and for the intentional infliction of emotional distress by oppression from the unsolicited assistance, and;

(3).   Award Plaintiff Keith Lashawn reasonable legal fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 as the prevailing party.

*A jury trial is demanded*

Respectfully Submitted

By *Keith Lashawn White*
Keith Lashawn White